Education, for the 1995–1996 reporting period.

On July 2, 1998, this court adopted the recommendation of the commission, imposed a sanction fee upon the respondent and suspended the respondent from the practice of law pursuant to Gov.Bar R. X(6)(B)(3), and Gov.Bar R. X(5)(A)(4). The court further ordered that respondent shall not be reinstated to the practice of law in Ohio until respondent complies with the requirements for reinstatement set forth in Gov.Bar R. X(7), respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio, respondent complies with this and all other orders of the court, and this court orders respondent reinstated.

On May 17, 2002, the commission filed a recommendation pursuant to Gov.Bar R. X(7)(B)(2), finding that the respondent has paid all fees assessed for noncompliance, has made up all deficiencies and is now in full compliance with all requirements of Gov.Bar R. X, and recommending that the respondent be reinstated to the practice of law in Ohio. On May 17, 2002, the commission certified that respondent had completed the credit hours of continuing legal education required during his suspension by this court's order of suspension. Upon consideration thereof,

IT IS ORDERED by the court that the recommendation of the commission is adopted and respondent, Kenneth Warren Phillips, is hereby reinstated to the practice of law.

| In re Report of the Commission on Continuing Legal Education. | : : : | |
| Leslie Holden Rauh ( # 0063909), Respondent. | : : | ENTRY |

This matter originated in this court on the filing of a report by the Commission on Continuing Legal Education (the "commission") pursuant to Gov.Bar R. X(6)(A)(1)(b) and (A)(2)(d). The commission recommended the imposition of sanctions against certain attorneys, including the above-named respondent, for failure to comply with the provisions of Gov.Bar R. X, Attorney Continuing Legal Education, for the 1999–2000 reporting period.

On April 5, 2002, this court adopted the recommendation of the commission, imposed a sanction fee upon the respondent and suspended the respondent from the practice of law pursuant to Gov.Bar R. X(6)(B)(3), and Gov.Bar R. X(5)(A)(4). The court further ordered that respondent shall not be reinstated to the practice of law in Ohio until respondent complies with the requirements for reinstatement set forth in Gov.Bar R. X(7), respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio, respondent complies with this and all other orders of the court, and this court orders respondent reinstated.

On May 30, 2002, the commission filed a recommendation pursuant to Gov.Bar R. X(7)(B)(2), finding that the respondent has paid all fees assessed for noncompliance, has made up all deficiencies and is now in full compliance with all requirements of Gov.Bar R. X, and recommending that the respondent be reinstated to the practice of law in Ohio. On March 30, 2002, the commission certified that respondent had completed the credit hours of continuing legal education required during his suspension by this court's order of suspension. Upon consideration thereof,

IT IS ORDERED by the court that the recommendation of the commission is adopted and respondent, Leslie Holden Rauh, is hereby reinstated to the practice of law.

## MEDIATION REFERRALS

The following cases have been referred to mediation pursuant to S.Ct.Prac.R. XIV(6):

2001–1634. State ex rel. Capitol Mfg., Div. of Harsco Corp. v. Johnson. Franklin App. No. 00AP–1100.

2002–0847. State ex rel. Smoot v. Indus. Comm. Franklin App. No. 01AP–812.